**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GTS Transportation Corporation and Evgenii Paivin,<br><br>Plaintiffs,<br><br>v.<br><br>TransAm Trucking, Inc. and John Washington,<br><br>Defendants. | Case No.<br><br>Jury Trial Demanded |

**COMPLAINT**

NOW COME the Plaintiffs, GTS Transportation Corporation and Evgenii Paivin, by and through their attorney, James C. Vlahakis of Vlahakis Law Group LLC, and submit the following Complaint against Defendants TransAm Trucking, Inc. and John Washington:

**Parties, Jurisdiction and Venue**

1. Plaintiff GTS Transportation Corporation (hereafter "GTS") is an Illinois Corporation, registered to conduct business in the State of Illinois, with its principal place of business located in Burr Ridge, Illinois.

2. Plaintiff GTS is engaged in the business of transporting products in semi-tractor trailers throughout the State of Illinois and other states.

3. Plaintiff Evgenii Paivin is a citizen of the State of Florida and is domiciled in the State of Florida.

4. Plaintiff Evgenii Paivin was employed by GTS as a driver during the time of the incident in question which gives rise to the subject causes of action (and is still employed by GTS as a driver as of the filing of this Complaint).

5. Defendant TransAm Trucking, Inc. (hereafter "TransAm") is a Kansas incorporated trucking company, with its principal place of business located in Olathe, Kansas, and its registered agent is SBLSG REGISTERED AGENT, LLC, located at 9001 West 110TH ST., Suite 230, Overland Park, KS 66210.

6. Defendant TransAm is engaged in the business of transporting product in semi-tractor trailers throughout the United States of America.

7. Defendant John Washington was employed by Defendant TransAm as a truck semi-tractor trailer driver during the time of the incident in question which gives rise to the subject causes of action.

8. Defendant Washington is not a citizen of State of Illinois and is not domiciled in the State of Illinois.

9. Jurisdiction is predicated upon 28 U.S.C. § 1332 because this controversy is between citizens of different and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10. Venue is proper in this judicial district because Plaintiff GTS's principal place of business located in Burr Ridge, Illinois, and conducts substantial business in this judicial district and it suffered reputational harm in this judicial district as a result of Defendants' conduct. Further, while the accident took place outside of Illinois, Plaintiff GTS maintains records of the incident in this judicial district and Plaintiff Paivin passes through this judicial district from time to time based upon his work schedule.

**<u>Background Allegations</u>**

11. As detailed below, on July 12, 2024, Plaintiff Paivin was physically attacked by Defendant Washington while he was working for Plaintiff GTS while traveling through Kuttawa, Kentucky (hereafter the "Incident").

12. Leading up to the Incident, without any justification, Defendant Washington drove ahead of Plaintiff Paivin and forced Paivin off of the highway.

13. The below screen capture of forward-facing camera system demonstrates how both tractor trailers were situated on the shoulder of the highway just after Defendant Washington forced Plaintiff Paivin to the shoulder of the highway. The below images reflects that there was a safe amount of space between both vehicles:



14. After Paivin *stopped* his tractor trailer on the shoulder of the highway, Defendant Washington backed up his tractor trailer towards Paivin's tractor trailer:



15. Eventually, Defendant Washington's tractor trailer backed up extremely close to Plaintiff Paivin's tractor trailer, as depicted by the below screenshot of Paivin's forward-facing camera system:




16. The below image is a true and accurate screenshot of Plaintiff Paivin attempting to back *away* from Defendant Washington's tractor trailer:



17. After Plaintiff Paivin attempted to back away from Defendant William's tractor trailer, Defendant Williams backed up his tractor trailer extremely close Plaintiff Paivin, as depicted by the below screenshot of Plaintiff Paivin's forward-facing camera:




18. Thereafter, Plaintiff Paivin attempted to back up his tractor trailer (for a second time), as depicted by the below screenshot of Paivin's forward-facing camera:



19. The below screen capture depicts the moment in time where Plaintiff Paivin was attempting to pull into the right lane of the highway - to avoid any further interactions with Defendant Washington:



20. After waiting for traffic to clear, Plaintiff Paivin attempted to move into the right lane of traffic to avoid any further interactions with Defendant Williams, but Defendant Willams backed up his tractor trailer yet again, as depicted below:



21. The below screenshot demonstrates Plaintiff Paivin attempt to move into the left lane of highway to avoid any further contact with Defendant Williams:



22. As depicted below screenshots, Defendant Washington drove his vehicle across two lanes of traffic in order to block Plaintiff Paivin's safe passage:



23. Defendant Washington exhibited his tractor trailer wearing a dark colored shirt, but returned to his vehicle, took off his shirt and returned to Paivin's vehicle wearing a white t-shirt.



24. Defendant Washington approached Paivin's tactor trailer while holding large bolt cutters, Defendant Washington slammed his fists onto Paivin's tractor trailer and attempted to break into Paivin's tractor trailer.

25. The below image is a true and accurate screenshot of Defendant Washington walking towards Plaintiff Paivin's tractor trailer with the bolt cutters in his right hand:



26. Defendant Washington proceeded to damage Plaintiff Paivin's tractor trailer with a bolt cutter tool that he held in his hands.

27. Defendant Washington damaged the windshield and side window of the tractor trailer that Plaintiff Paivin was previously driving.

28. Washington also broke two mirrors on Plaintiff Paivin's tractor trailer.

29. The below image is a true and accurate screenshot of Defendant Washington breaking one of driver side mirror of Paivin's vehicle with his bold cutters:




30. Eventually, Defendant Washington threw the bolt cutter tool into Plaintiff Paivin's tractor trailer.

31. The below image is a true and accurate screenshot of Defendant Washington throwing his bolt cutters at Plaintiff Paivin's tractor trailer:




32. After failing to make contact with the windshield of Plaintiff Paivin's tractor trailer, Defendant Washington threw his bolt cutters at Plaintiff Paivin's tractor trailer for a second time.

33. The below image is a true and accurate screenshot of Defendant Washington preparing to throw his bolt cutters at Plaintiff Paivin's tractor trailer for the second time:



34. Fearing for his life, Plaintiff Paivin attempted to protect himself by moving from his driver's seat and ducking down into the cab of his tractor trailer.

35. The below image is a true and accurate screenshot of Plaintiff Paivin ducking in his vehicle to avoid Defendant Washington second attempt to throw his bolt cutters at Plaintiff Paivin's tractor trailer:




36. Defendant Williams continued to damage Plaintiff Paivin's tractor trailer and injure Plaintiff Paivin by tossing his bolt cutters at Plaintiff Paivin's driver-side window.

37. The screenshot on the following page reflects Plaintiff Paivin attempting to protect himself from Defendant William's unprovoked attack at the precise moment Defendant Willams broke the driver side window of Paivin's vehicle:




38. Fearing for his safety, Plaintiff Paivin attempted to avoid Defendant Willams by exiting his vehicle from the passenger door, as depicted by the below image:



39. As depicted by the above image, Defendant Washington chased after Plaintiff Paivin.

40. Defendant Washington caught up with Plaintiff Paivin and battered him in the face and neck.

41. Eventually, Defendant Williams returned to his tractor trailer and pulled away from the Incident, but in doing so, the below images show that he nearly collided with a pickup truck that was attempting to pass through the scene of the Incident:





42. Police officers were called and arrived on the scene of the Incident.

43. As a result of the Incident, in which Defendant Williams threw his bold cutters inside of Plaintiff Paivin's tractor trailer, Plaintiff Paivin suffered physical injuries and post traumatic stress.

44. The below image is a true and accurate image of the bold cutters that Defendant Williams threw into the interior of Plaintiff Paivin's tractor trailer:



45. The below image is a true and accurate image showing where the bold cutters landed relative to Plaintiff Paivin's driver's seat:



46. Additionally, Plaintiff Paivin and GTS incurred costs associated with medical treatment to remedy the injures caused by Defendant Washington.

47. Beyond the physical injuries, the psychological impact of this incident has left Plaintiff Paivin with considerable stress and fear, requiring time for recovery. His distress has affected his ability to work and perform his duties effectively.

48. Accordingly, as a result of Defendants' conduct, Plaintiff Paivin also lost time from work as a result of caring for his physical and mental injuries.

49. The physical and mental health related damages suffered by Plaintiff Paivin resulting from the Incident exceeds $75,000.

50. In addition to damage suffered to Plaintiff Paivin's tractor trailer (which is owned by Plaintiff GTS), Plaintiff GTS suffered reputational harm with a broker and client because the load of goods that Plaintiff Paivin's tractor trailer was supposed to deliver arrived late.

51. In particular, due to the delay caused by the Incident, Plaintiffs unable to complete a scheduled pickup on time, which interrupted Plaintiff GTS's operations and caused financial losses to GTS.

52. These delays caused by Defendants negatively impacted Plaintiff GTS's relationship with the broker involved, which led to long-term reputational damage and financial losses for GTS.

53. Late arriving loads are not a trivial matter in the highly competitive trucking industry.

54. The damage suffered by *each* Plaintiff exceeds $75,000.

**Count I – Assault and Battery**
**Brought by Plaintiff Paivin vs. Defendant Washington**

55. Plaintiff Paivin incorporates Paragraphs 1-54 in this Count as if fully set forth above.

56. As set forth above, Defendant Washington assaulted and battered Plaintiff Paivin.

57. In acting in this manner, Defendant Washington caused Plaintiff Paivin to suffer significant physical injuries, mental distress and lost wages.

WHEREFORE, as a result of Defendant Washington's conduct, Plaintiff Paivin is entitled to damages in excess of $75,000, including costs and punitive damages.

**Count II – Negligent Infliction of Emotional Distress**
**Brought by Plaintiff Paivin vs. Defendant Washington**

58. Plaintiff Paivin incorporates Paragraphs 1-54 in this Count as if fully set forth above.

59. As set forth above, Defendant Washington assaulted and battered Plaintiff Paivin.

60. Defendant Washington physically impacted Plaintiff Paivin and caused him to suffer significant mental distress.

WHEREFORE, as a result of Defendant Washington's conduct, Plaintiff Paivin is entitled to damages in excess of $75,000, including costs and punitive damages.

**Count III – Intentional Infliction of Emotional Distress**
**Brought by Plaintiff Paivin vs. Defendant Washington**

61. Plaintiff Paivin incorporates Paragraphs 1-54 in this Count as if fully set forth above.

62. As set forth above, Defendant Washington assaulted and battered Plaintiff Paivin with the intention of causing him to fear for his safety and life.

63. Defendant Washington's violent conduct and verbal threats caused Plaintiff Paivin to suffer severe emotional distress.

64. As a result of Defendant Washington's violent conduct and verbal threats, Plaintiff Paivin suffered severe emotional distress, lost wages, nightmares and PTSD.

WHEREFORE, as a result of Defendant Washington's conduct, Plaintiff Paivin is entitled to damages in excess of $75,000, including costs and punitive damages.

**Count IV – *Respondent Superior***
**Brought by Plaintiff Paivin vs. Defendant TransAm**

65. Plaintiff Paivin incorporates Paragraphs 1-54 in this Count as if fully set forth above.

66. As set forth above, Defendant Washington assaulted and battered Plaintiff Paivin and caused him to suffer physical injuries, mental distress and lost wages.

67. As set forth above, Defendant Washington's conduct physically impacted Plaintiff Paivin and caused him to suffer significant mental distress.

68. As Defendant Washington's employer, Defendant TransAm is responsible for his conduct. *See, e.g., Bagent v. Blessing Care Corp.*, 862 N.E.2d 985, 991 (Ill. 2007) ("an employer can be liable for the torts of an employee … that are committed within the scope of employment.").

69. Defendant Williams's actions were committed within the scope of his employment for Defendant TransAm.

70. Defendant TransAm is liable for Defendant Washington's conduct even if his conduct was "willful, malicious, or even criminal[.]" B*agent*, 862 N.E.2d at 991.

WHEREFORE, as a result of Defendant Washington's conduct, which Defendant TransAm is responsible for, Plaintiff Paivin is entitled to damages in excess of $75,000, including costs and punitive damages.

**Count V – Negligence**
**Brought by Plaintiff GTS vs. Defendant Washington**

71. Plaintiff GTS incorporates Paragraphs 1-54 in this Count as if fully set forth above.

72. As set forth above, Defendant Washington damaged Plaintiff's GTS's tractor trailer, disrupted Plaintiff's GTS's business operations and caused Plaintiff GTS to suffer reputational harm.

WHEREFORE, as a result of Defendant Washington's conduct, Plaintiff GTS is entitled to damages in excess of $75,000, including costs and punitive damages.

**Count VII – Tresspass to Chattels**
**Brought by Plaintiff GTS vs. Defendant Washington**

73. Plaintiff GTS incorporates Paragraphs 1-54 in this Count as if fully set forth above.

74. Defendant Washington's above conduct involved the intentional interference with Plaintiff's GTS's tractor trailer without justification, which resulted in GTS incurring monetary damages.

WHEREFORE, as a result of Defendant Washington's conduct, Plaintiff GTS is entitled to damages in excess of $75,000, including costs and punitive damages.

**Count VIII – *Respondent Superior***
**Brought by Plaintiff GTS vs. TransAm**

75. Plaintiff GTS incorporates Paragraphs 1-54 in this Count as if fully set forth above.

76. As set forth above, Defendant Washington's conduct cause Plaintiff GTS to suffer damage to its tractor trailer, disrupted GTS's business operations and caused GTS to suffer reputational harm.

77. As Defendant Washington's employer, Defendant TransAm is responsible for his conduct. *See, e.g., Bagent v. Blessing Care Corp.*, 862 N.E.2d 985, 991 (Ill. 2007)

("an employer can be liable for the torts of an employee … that are committed within the scope of employment.").

78. Defendant Williams's actions were committed within the scope of his employment for Defendant TransAm.

79. Defendant TransAm is liable for Defendant Washington's conduct even if his conduct was "willful, malicious, or even criminal[.]" B*agent*, 862 N.E.2d at 991.

WHEREFORE, as a result of Defendant Washington's conduct, which Defendant TransAm is responsible for, Plaintiff GTS is entitled to damages in excess of $75,000, including costs and punitive damages.

**Count IX – *Negligent Hiring and Retention***
**Brought by Plaintiffs Paivin and GTS vs. TransAm**

80. Plaintiff GTS incorporates Paragraphs 1-54 in this Count as if fully set forth above.

81. Upon information and belief, prior to attacking Plaintiff Paivin, Defendant Washington has violently confronted other tractor trailer drivers in the past and Defendant TransAm was or should have been aware of Defendant Washington's behavior before he was employed by TransAm.

82. Alternatively, upon information and belief, prior to attacking Plaintiff Paivin, Defendant Washington has violently confronted other tractor trailer drivers while employed by Defendant TransAm, and despite behaving in this manner, Defendant TransAm did not terminate Defendant Washington despite having knowledge of his behavior.

83. As a result of Defendant TransAm's prior knowledge of Defendant Washington's violent behavior, Plaintiff Paivin was violently attacked and suffered damages.

84. Further, a result of Defendant TransAm's prior knowledge of Defendant Washington's violent behavior, Defendant Williams damaged Plaintiff GTS's tractor trailer, disrupted GTS's business operations and caused GTS to suffer reputational harm.

85. As Defendant Washington's employer, Defendant TransAm is responsible for his conduct.

WHEREFORE, as a result of Defendant Washington's conduct, which Defendant TransAm is responsible for, Plaintiff GTS is entitled to damages in excess of $75,000, including costs and punitive damages.

**Plaintiffs demand a jury trial.**

/s/ James C. Vlahakis

Vlahakis Law Group LLC
20 N. Clark Street Suite 3300
Chicago, IL 60602
312-766-0511
jamesv@vlahakislaw.com

*Counsel for Plaintiffs*